**Date Signed:**
**September 16, 2024**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No.: 23-00432 |
|---|---|
| CECIL DANIEL DAVIS aka BUD DAVIS, | Chapter 13 |
| | Re: ECF 113, 133 |
| Debtor. | |

## MEMORANDUM DECISION ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS OR CONVERT

**A. BACKGROUND**

Debtor Cecil Davis filed his chapter 13 bankruptcy petition on June 8, 2023, in part to deal with claims asserted against him by Santa Fe Employees Hospital Association ("SFEHA").

After almost a year and a half, there is no confirmed plan. The court denied confirmation of the first two plans that Mr. Davis proposed. Mr. Davis filed his third chapter 13 plan on July 2, 2024. ECF 113. SFEHA and

the trustee object to confirmation on multiple grounds. SFEHA has also moved the court to dismiss this case or convert it to chapter 7.

At a hearing on confirmation of the third plan and SFEHA's motion to dismiss or convert on September 10, 2024, Ofir Raviv, Esq., appeared as bankruptcy counsel for Mr. Davis. Chuck Choi, Esq., appeared as special counsel for Mr. Davis. James Dumas, Esq., and Steven Guttman, Esq., appeared for SFEHA.

## B. LEGAL STANDARDS

### 1. The "Best Interest of the Creditors" Test

The bankruptcy court must confirm a chapter 13 plan that complies with the requirements set forth in § 1325.[1] Among many other requirements, the court shall confirm the plan only if:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . . .

---

[1] All references are to Title 11 unless otherwise stated.

U.S. Bankruptcy Court - Hawaii   #23-00432   Dkt # 155   Filed 09/16/24   Page 2 of 10

§ 1325(a)(4). This is sometimes called the "best interest of creditors" or "liquidation" test. If unsecured creditors would recover more in a hypothetical liquidation conducted on the effective date of the plan, the proposed plan fails the best interest of creditors test, and the court cannot confirm the plan. The court must determine what assets are available for liquidation, and how the proceeds would be distributed, on the effective date.

The Code does not define the effective date of a chapter 13 plan, but the Ninth Circuit has held that it occurs when the plan binds the parties. *In re Hoopai*, 581 F.3d 1090, 1101 (9th Cir. 2009).

There is a key difference in the way liquidation proceeds are distributed in chapter 13 and chapter 7 cases. In a chapter 13 case, the debtor's attorney has an administrative priority claim for reasonable fees for services rendered to the debtor after the petition date. §§ 330(a)(4)(B), 503(b)(2). Administrative claims are paid before general unsecured claims are paid. § 507(a)(2). But these sections only apply to chapter 7 cases. The

U.S. Bankruptcy Court - Hawaii    #23-00432    Dkt # 155    Filed 09/16/24    Page 3 of 10

debtor's attorney in a chapter 7 case has no claim against the estate (administrative or otherwise) for postpetition services. *Lamie v. U.S. Tr.*, 540 U.S. 526, 529 (2004).

**2. Disposable Income Test**

A second requirement is that either all claims will be paid in full under the plan or "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." § 1325(b)(1)(B). In summary, "disposable income" is based on the debtor's average gross income during the six months before the petition date less specified expenses. §§ 1325(b)(2), (3). The debtor's income "includes any amount paid by any entity other than the debtor on a regular basis for the household expenses of the debtor[.]" § 101(10A)(B)(i).

4

When determining "projected" disposable income, the court may consider changes in income or expenses that have occurred or are virtually certain to occur. *Hamilton v. Lanning*, 560 U.S. 505, 513-14 (2010).

3. **Bad faith**

Third, the court can confirm the plan only if the debtor filed the chapter 13 petition and proposed the plan in "good faith." §§ 1325(a)(3), (7). The Ninth Circuit has held that:

> In determining whether a debtor acted in bad faith, a bankruptcy judge must review the "totality of the circumstances," and consider the following factors:
>
> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
>
> (2) the debtor's history of filings and dismissals;
>
> (3) whether the debtor only intended to defeat state court litigation; and
>
> (4) whether egregious behavior is present.

5

> Bankruptcy courts should determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each Chapter 13 plan.

*HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 499 (9th Cir. 2015) (cleaned up).

### 4. Dismissal or Conversion for "Cause"

Section 1307(c) empowers the court to dismiss a chapter 13 case or convert it to chapter 7, "whichever is in the best interests of creditors and the estate," for "cause." The statute provides a nonexclusive list of circumstances that may amount to cause, including "unreasonable delay by the debtor that is prejudicial to creditors." § 1307(c)(1). This section focuses on the hardship creditors suffer by delay and inquires whether the debtor's "use of chapter 13 is motivated by a genuine intent to deal fairly with creditors by confirming a plan promptly." *In re Malek*, 591 B.R. 420, 432 (Bankr. N.D. Cal. 2018).

Sections 1307(a) and (b) give the debtor a nonwaiveable right to convert a chapter 13 case to chapter 7 or to dismiss a chapter 13 case that has not been converted from another chapter.

## C. DISCUSSION

**1. Best interest of creditors test.**

Mr. Davis' proposed plan fails the best interest of creditors test. His liquidation analysis posits that $50,000 of liquidation proceeds will be paid to his attorneys.[2] But his attorneys would not be paid anything out of the estate for postpetition services in a chapter 7 case. Thus, assuming that all other figures in his liquidation analysis are correct, his chapter 13 plan must pay at least $71,369.53 to unsecured creditors, not $21,369.53.[3]

---

[2] This figure is implausibly low. Debtor's special counsel has already claimed almost $50,000 of attorneys' fees, and the trial on SFEHA's claims will not be held for a few months.

[3] It does not matter that, if the effective date of the plan is the confirmation date of the plan, some of the fees were incurred after the petition date and before the effective date. There is no question that Mr. Davis will incur substantial additional fees after plan confirmation. He proposes to pay those fees through his plan at the expense of unsecured creditors, but none of those fees would be paid from the estate in a chapter 7 case.

U.S. Bankruptcy Court - Hawaii   #23-00432   Dkt # 155   Filed  09/16/24   Page 7 of 10

## 2. Disposable income test.

Mr. Davis admits that his disposable monthly income is $1,995. ECF 114, 145 at 4. But his plan payments are only $1,000 per month for 12 months, and then $1,350 for 48 months. His plan therefore fails the disposable income test.

## 3. Good faith test.

Although it is a close call, I hold that Mr. Davis has satisfied the requirements of good faith. I have considered the totality of the circumstances and the appropriate factors. The circumstance that gives me the greatest pause is that Mr. Davis knew that his litigation with SFEHA would continue after he filed his chapter 13 petition. One could infer that he sought chapter 13 relief at least partly because he hoped that the bankruptcy court would be a friendlier forum, or that the mere pendency of the bankruptcy case would give him settlement leverage. These are dubious purposes for seeking bankruptcy relief. But the automatic stay and the bankruptcy court's jurisdiction are statutory creations, and it is hard to

8

say that one acts in bad faith simply by invoking a statutory right. Thus, Mr. Davis has satisfied the good faith requirement.

4. **Dismissal or conversion for cause.**

I am persuaded that "cause" exists to dismiss or convert this case. Mr. Davis' failure to propose a confirmable plan after fifteen months in bankruptcy and three failed attempts amounts to "unreasonable delay prejudicial to creditors."

Conversion, rather than dismissal, is in the interest of creditors and the estate. Dismissal would make it more difficult for SFEHA and other creditors to access his assets. He has already transferred his home to his daughter once and retrieved it only on the eve of this bankruptcy filing; he could easily do the same thing again after dismissal. In contrast, a chapter 7 trustee could promptly realize the value of his nonexempt assets for the creditors' benefit. In chapter 7, Mr. David could continue to defend himself against SFEHA's claims; he would just have to do so at his own expense rather than at the expense of his creditors. To give Mr. Davis the benefit of

9

his statutory right to dismiss, I will convert the case if he does not voluntarily dismiss it within fourteen days.

## D. CONCLUSION

For the reasons stated above, confirmation is denied and the case will be converted to chapter 7 unless, within fourteen days of the entry of this order, Mr. Davis dismisses the case.

**END OF ORDER**